Commonwealth of Pennsylvania, Department of Public Welfare *v.* Fannie Perillo, Appellant.

Argued February 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*John F. Miller, Jr.,* for appellant.

*Barry A. Roth,* Assistant Attorney General, with him *Paul J. Carey, Jr.* General Counsel, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, April 9, 1976:

This is an appeal from an adjudication of the Pennsylvania Department of Public Welfare (DPW) which upheld the suspension of assistance benefits to Fannie Perillo (appellant) and her dependent children by the Luzerne County Board of Assistance (Board). We are constrained to affirm.

Appellant had been receiving assistance since at least 1972[1] under the Aid to Dependent Children program. In early 1975, appellant's husband, with whom she lived and still lives, inherited his father's residence. Appellant, her husband, and their children had been living with Mr. Perillo's father at the time of his death. When appellant reported her husband's inheritance to the Board, she was informed that her husband would be required to sign a reimbursement agreement (designated PA 9) in order for her to remain eligible for assistance. Form PA 9, when filed, acts as a lien on the obligor's real property to the extent of $2,000 and obviates the necessity for other legal action for claims less than that amount. Appellant's husband refused to sign, believing mistakenly that he or his children would have the house taken from them by execution.[2] Since the reimbursement form was not signed, the Board informed appellant on March 17, 1975 that it would terminate her assistance payments.

---

1. Earlier records were reportedly destroyed in the flood of 1972.

2. Regulation 3235 prevents such an occurrence: "The Department will not itself at any time force the sale of, or execute on the judgment lien against, any real estate to effect reimbursement so long as the property is used as a home by the owner, his spouse, or his child. Such property need not be offered for sale as a condition of continued eligibility."

She appealed to DPW and was granted a hearing on June 26, 1975. At no time pertinent to this appeal has appellant's husband received benefits from the Board.

DPW contends preliminarily that the hearing examiner was without jurisdiction to hear the appeal since it was not filed until April 18, 1975, beyond the statutory 30-day limit. The record shows, however, that the notice of appeal was allegedly mailed March 24, 1975, though the Board has no record of its receipt. Apparently conceding the possibility that the notice was misplaced, the Board allowed a second filing on April 18, 1975 and proceeded as though the notice of appeal were timely filed. Under the circumstances in this case, DPW has not established that the notice was untimely.

We therefore proceed to appellant's substantive complaints which will involve us once again in that quagmire of regulations known as the Pennsylvania Assistance Manual. Appellant first contends that DPW's regulations violate her right to equal protection under the Fourteenth Amendment of the United States Constitution by creating, without a reasonable basis, two classes of persons in her situation. Both parties agree that one treatment is accorded to recipients of public assistance who live with a nonrecipient spouse or parent and a different treatment is given to those who live apart from the nonrecipient spouse or parent. Recipients who live with a spouse or parent may be denied benefits if the spouse or parent refused to sign the reimbursement agreement. This is not true for recipients separated from a spouse or living apart from a parent.

The disparate treatment is achieved through regulation 3235 which provides in pertinent part:

"A spouse, or the natural or adoptive parent(s) of an unemancipated minor child must, as a condition of eligibility for *his dependents living with him,* utilize and liquidate his real property to the same extent as

would be required if the spouse or parent were himself receiving assistance." (Emphasis added.)

A spouse or parent receiving assistance and holding real property *used as his or her home* would be required, in lieu of liquidation and utilization, to acknowledge his or her liability for reimbursement. This would be done by having the recipient (or in this case, the nonrecipient spouse, since the same rules apply) sign a form PA 9 in order to begin or continue benefits.[3] Appellant does not deny that the real property is subject to reimbursement but argues instead that persons not residing with their spouses are not denied benefits if the property owning spouse refuses to sign form PA 9. This is correct, for regulation 3822.12 provides in part:

"A liable property owner *not living with his spouse or unemancipated minor child* should sign an acknowledgment of his liability for the reimbursement of the assistance granted them. The County Office obtains the signatures of property owners located in the same county. If an acknowledgment is refused or if the property owner is not located in the same county as the applicant, the Area Office takes the action necessary to obtain an acknowledgment, including legal action if necessary. *The property owner's failure to sign voluntarily does not affect the eligibility of his relatives.*" (Emphasis added.)

Notwithstanding the difference in treatment, we find no violation of appellant's constitutional rights. The Equal

---

3. Regulation 3822.21 reads in relevant part: "Reimbursement Agreement, PA 9, is used to acklowledge the liability of real property. The PA 9 contains a confession of judgment which, when signed and recorded with the Prothonotary of the county in which the property is located, becomes a lien against the real property owned at the time of recording. The lien thus obtained makes it unnecessary to obtain judgment through suit. PA 9 provides for repayment of assistance granted to or for property owner, spouse and unemancipated minor children."

Protection Clause does not require the homogenous treatment of all persons; it requires only that there be some rational basis for the distinctions made by law. A classification does not violate the Constitution merely because it is imperfect or results, in practice, in some inequality. *Dandridge v. Williams*, 397 U.S. 471 (1970). The reimbursement scheme which emerges from our review of the applicable regulations envisions that *all persons* holding real property who are either recipients or the legally responsible parent or spouse of a recipient will be required to acknowledge liability by signing form PA 9 as a condition for the initiation or continuance of assistance payments. Realizing that this might cause recipients hardship in these situations in which the spouse does not live with the property owner and perhaps can exert no influence upon the owner, DPW provided an exception in regulation 3822.12 which allows payments to continue, pending other legal action against the recalcitrant property owner. We conclude that such an exemption from the general rule has a rational basis in fact. In the instant case, the difficulties arise not from the regulatory scheme but from the property owner's intrasigence.[4]

Appellant states that she may be forced to move out in order to obtain benefits, but alternatives are available even in the difficult family situation revealed by this record. Through the exercise of patient explanation, Mr. Perillo may yet come to understand that he will not lose his home for himself or his children by signing form PA 9.[5]

After careful consideration, we find appellant's other contentions to be without merit.

Accordingly, we enter our

---

4. *See Fritsch v. Department of Public Welfare*, 19 Pa. Commonwealth Ct. 83, 338 A.2d 706 (1975).

5. Indeed, Mr. Perillo may be in more danger of losing his home if recipient is forced to move out. *See* regulation 3237.

## ORDER

Now, this 9th day of April, 1976, the order of the Pennsylvania Department of Public Welfare in the matter of Fannie Perillo is affirmed.